## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

OBE E. JOHNSON,

      **Plaintiff,**

      **v.**                                                    **Civ. No. 21-1359 (ADC)**

MUNICIPIO DE GUAYAMA,

      **Defendant.**

### OPINION AND ORDER

*Pro se* plaintiff Obe E. Johnson ("plaintiff") filed the above-captioned complaint on August 5, 2021. **ECF No. 3**. As an indigent prisoner, plaintiff sought leave to proceed *in forma pauperis* without prepayment of fees. **ECF No. 5**. On August 31, 2022, the Court granted plaintiff's request. **ECF No. 8**.

In his complaint, plaintiff seeks declaratory, injunctive, and monetary relief against the defendant Municipality of Guayama ("Municipality") for the alleged physical abuse and damages he suffered while serving his 35-year sentence in the correctional institution "Guayama 500" which is geographically located in the Municipality. Plaintiff alleges that on September 22, 2020, a prison guard at the institution punched and kicked him after a confrontation over plaintiff's possession of an electric fan, breaking his front teeth. **ECF No. 3** at 2.[1]

---

[1] More specifically, plaintiff alleges that on said date, he got into a fight with his cellmate and two prison guards intervened and asked him to pack his belongings, after which they took him to an office. There, they asked him to

Notably, this is far from plaintiff's first interaction with this District Court. Since he filed his first *pro se* case in this Court in 2009, plaintiff has filed numerous suits under 28 U.S.C. § 2254 and 42 U.S.C. § 1983.[2] None of these have been successful, and most were dismissed due to their

---

surrender an electric fan which plaintiff alleges belonged to another inmate. Plaintiff then alleges that he got angry and broke the electric fan, after which one of the prison guards "got angry with [plaintiff] and… started to punch [plaintiff] within [sic] [his] face and started kicking [plaintiff] while [plaintiff] was on the floor…." **ECF No. 3** at 2. Afterwards, he was taken to a doctor or dentist who treated him and removed his broken front teeth. *Id.*

[2] The sheer enormity of cases filed by plaintiff in this District Court merits listing:

- *Johnson v. Del-Rosario, et al.*, Civ. No. 09-1173 (JP) (action for damages under 42 U.S.C. § 1983 dismissed for failure to state a claim);
- *Johnson v. Rivera-Mayor, et al.*, Civ. No. 09-1172 (CCC) (request for habeas relief under 28 U.S.C. § 2254 denied for failure to state a claim);
- *Johnson v. Del-Rosario, et al.*, Civ. No. 09-1638 (GAG) (action for damages under 42 U.S.C. § 1983 dismissed for failure to state a claim);
- *Johnson v. Warden Ponce 1000, et al.*, Civ. No. 09-1639 (JAF) (request for habeas relief under 28 U.S.C. § 2254 denied for failure to prosecute);
- *Johnson v. Lugo-Rivera*, Civ. No. 10-1177 (JAF) (request for habeas relief under 28 U.S.C. § 2254 summarily dismissed);
- *Johnson v. Lugo-Rivera*, Civ. No. 12-1027 (SEC) (request for habeas relief under 28 U.S.C. § 2254 denied for, among other reasons, want of prosecution);
- *Johnson v. P.R. Administration of Corrections, et al.*, Civ. No. 13-1272 (JAF) (request for habeas relief under 28 U.S.C. § 2254 summarily dismissed);
- *Johnson v. Muniz*, Civ. No. 13-1271 (CCC) (action for damages under 42 U.S.C. § 1983 dismissed for failure to state a claim);
- *Johnson v. Baco-Viera, et al.*, Civ. No. 13-1346 (JAG) (action for damages under 42 U.S.C. § 1983 dismissed for failure to state a claim);
- *Johnson v. Lcda. Fabiola Acuron Porrate-Doria, et al.*, Civ. No. 14-1841 (JAG), Civ. No. 15-1571 (JAG) (consolidated actions for damages under 42 U.S.C. § 1983 dismissed for failure to state a claim);
- *Johnson v. Muniz, et al.*, Civ. No. 14-1867 (FAB) (action for damages and equitable relief under 42 U.S.C. § 1983 dismissed for failure to state a claim);
- *Johnson v. Acevedo-Pérez*, Civ. No. 15-1895 (GAG) (petition for habeas relief under 28 U.S.C. § 2254 denied as time-barred);
- *Johnson v. Batista-Rodríguez*, Civ. No. 16-1174 (GAG) (petition for habeas relief under 28 U.S.C. § 2254 denied as time-barred);
- *Johnson v. Departamento de Corrección y Rehabilitación, et al.*, Civ. No. 16-1400 (DRD) (petition for habeas relief under 28 U.S.C. § 2254 denied due to issue preclusion and request for damages under 42 U.S.C. § 1983 denied for failure to state a claim);
- *Johnson v. Institución Correccional Sabana Hoyos, et al.*, Civ No. 16-1401 (DRD) (request for damages under 42 U.S.C. § 1983 stayed under PROMESA);
- *Johnson v. García-Soto, et al.*, Civ. No. 17-1489 (WGY) (petition for habeas relief under 28 U.S.C. § 2254 denied as time-barred);

failure to state a claim or lack of prosecution. Keeping with this pattern, the Court must, yet again, dismiss plaintiff's latest judicial foray.

The complaint purports to state a claim against the Municipality. Under 42 U.S.C. § 1983, a municipality can be sued for monetary, declaratory, or injunctive relief if a municipal policy or custom underlies a constitutional violation, but it "cannot be held liable *solely* because it employs a tortfeasor, or in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978); *accord Kennedy v. Town Of Billerica*, 617 F.3d 520, 531 (1st Cir. 2010). Here, the complaint essentially alleges that a prison guard at the "Guayama 500" correctional facility caused him damages. But plaintiff is not suing the prison guard or any other person, just the Municipality. And to complicate matters, there is, in fact, no direct factual allegation against the Municipality in the complaint, not even as to a municipal policy or custom. The complaint merely proceeds

---

- *Johnson v. WAPA Television News Channel, et al.*, Civ. No. 19-1612 (CCC) (action for damages under 42 U.S.C. § 1983 against local television station for refusing to interview and investigate his case dismissed for failure to state a claim);
- *Johnson v. Rolón, et al.*, Civ. No. 19-1720 (GAG) (petition for habeas relief under 28 U.S.C. § 2254, mistakenly labelled as an action under 42 U.S.C. § 1983, denied as time-barred);
- *Johnson v. Ocasio-Montañez, et al.*, Civ. No. 20-1222 (JAG) (petition for habeas relief under 28 U.S.C. § 2254 denied as an unauthorized successive petition and as time-barred);
- *Johnson v. United States*, Civ. No. 20-1326 (JAG) (action for damages under 42 U.S.C. § 1983 dismissed for failure to state a claim against the United States);
- *Johnson v. Colón-López, et al.*, Civ. No. 20-3182 (JAG) (action for damages under 42 U.S.C. § 1983 dismissed for failure to state a claim); and
- *Johnson v. United States of America*, Civ. No. 22-1088 (PAD) (action for damages under 42 U.S.C. § 1983 dismissed for failure to state a claim).

In addition, the undersigned has in its docket two other cases filed by plaintiff that are pending disposition: *Johnson v. Municipality of San Juan, et al.*, Civ. No. 20-1418 (ADC), and *Johnson v. USA*, Civ. No. 23-1369 (ADC).

on the implied assumption (not even argued) that the prison guard is an employee of the Municipality and, *ipso facto*, the Municipality is liable. Therefore, plaintiff is essentially trying to hold the Municipality responsible for a tort allegedly committed by one of its purported employees. As shown above, this is not a cognizable claim under 42 U.S.C. § 1983.[3]

For that reason alone, the complaint fails to state a claim. Therefore, plaintiff fails to state a claim against the Municipality on which relief can be granted, and the case must be **DISMISSED**. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("… the court shall dismiss the case at any time if the court determines that… the action or appeal… fails to state a claim on which relief may be granted….").

As a final note, the Court highlights that its grant of *in forma pauperis* status to plaintiff was likely in error. Pursuant to 28 U.S.C. § 1915(g), plaintiff has, most likely, long been barred from proceeding *in forma pauperis* on 42 U.S.C. § 1983 claims due to having brought, on more than three occasions and while incarcerated, an action in this Court that was dismissed for failure to state a claim upon which relief may be granted. *See supra*, n. 2 (listing more than twenty previously filed actions and petitions that were dismissed and/or denied). While it is too late for

---

[3] Because the Court is analyzing plaintiff's *pro se* complaint liberally, it takes its allegations at face value. However, this overly generous reading overlooks the fact that it is highly probable that the prison guard at issue here is not an employee of the Municipality at all. The management of correctional institutions in Puerto Rico presumably belongs to the Commonwealth's Department of Corrections and Rehabilitation, a state instrumentality as per P.R. Laws Ann. t. 3, Ap. XVIII, § 4. Accordingly, the complaint would also fail to state a claim against the Municipality for that reason.

this Court to rectify its mistake here, plaintiff is warned that his ability to proceed *in forma*

*pauperis* in the future may be in serious doubt.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 25th day of October, 2023.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**